| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **POOLE & SHAFFERY, LLP**<br>David S. Poole (SBN 94690)<br> dpoole@pooleshaffery.com<br>Samuel R.W. Price (SBN 255611)<br> sprice@pooleshaffery.com<br>400 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br>T: 213.439.5390<br>F: 213.439.0183<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Defendant TETSUNORI KUNIMUNE | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br><br>    POLY PLANT PROJECT,<br><br>        Debtor. | CASE NO.: 2:14-bk-17109-TD<br>CHAPTER: 11<br>    2:14-ap-01382-TD |
|---|---|
| FRIEM S.p.A., an Italian corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>TETSUNORI ("Terry") T. KUNIMUNE,<br><br>        Defendant. | **NOTICE OF MOTION FOR:**<br><br>(1) TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS; AND<br>(2) TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>*(Specify name of Motion)* |
| | DATE:          July 9, 2014<br>TIME:          11:00 a.m.<br>COURTROOM:  1345<br>PLACE:<br>            Roybal Federal Building<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

1. TO (*specify name*):   Plaintiff FRIEM S.p.A. _____

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:   June 5, 2014

POOLE & SHAFFERY, LLP
Printed name of law firm

/s/ Samuel R.W. Price
Signature

Samuel R.W. Price
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          Page 2                            **F 9013-1.1.HEARING.NOTICE**

**POOLE & SHAFFERY, LLP**
David S. Poole (Bar No. 94690)
   dpoole@pooleshaffery.com
Samuel R.W. Price (Bar No. 255611)
   sprice@pooleshaffery.com
400 South Hope Street, Suite 1100
Los Angeles, CA 90071
Telephone: (213) 439-5390
Facsimile:  (213) 439-0183

Attorneys for TETSUNORI T. KUNIMUNE,
Defendant in Removed District Court Case

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.  2:14-bk-17109-TD<br>[Chapter 11] |
| **POLY PLANT PROJECT,** | |
| Debtor. | Adv. No.  2:14-ap-01382-TD |
| ——————————————— | **NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO:** |
| **FRIEM S.p.A, an Italian corporation,** | (1) **DISMISS FOR INSUFFICIENT SERVICE OF PROCESS OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS; AND** |
| Plaintiff, | |
| v. | (2) **DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| **TETSUNORI ("Terry") T. KUNIMUNE,** | |
| Defendant. | [Fed. R. Civ. P. 12(b)(5), (6)] |
| | <u>Hearing on Motion</u><br>Date:      July 9, 2014<br>Time:      11:00 a.m.<br>Location:  Courtroom 1345<br>               Roybal Federal Building<br>               255 E. Temple Street<br>               Los Angeles, CA 90012 |

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, AND PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

    PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), Defendant TETSUNORI T. KUNIMUNE ("Kunimune") will and hereby does move this Court for an order dismissing the instant action for failure to state a claim upon which relief can be

1

POOLE▪▪SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

1  granted, and for insufficient service of process or, in the alternative, quashing service of process.

2       The grounds for this motion are as follows:

3       1.   Plaintiff has failed to properly effectuate service of process on Kunimune.

4       2.   Plaintiff's first claim for breach of contract and alter ego liability properly belongs

5  to the bankruptcy estate, and not to any particular creditor, and represents a violation of the

6  automatic stay.

7       3.   Plaintiff's second claim for fraud against Kunimune is based entirely on

8  confidential communications, namely statements allegedly made by Kunimune during and in

9  connection with a formal mediation session between the parties.   Accordingly, such

10  communications are inadmissible and cannot substantiate any claim for fraud against Kunimune.

11       This motion will be and is based on the accompanying memorandum of points and

12  authorities, the Declarations of Tetsunori T. Kunimune and Samuel Price, the papers and

13  pleadings on file in this Court, and any other evidence or argument that may be presented at the

14  hearing on this motion.

15       Deadline for Opposition Papers: This Motion is being heard on regular notice pursuant to

16  LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court

17  and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less

18  than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this

19  Motion within such time period, the court may treat such failure as a waiver of your right to

20  oppose the Motion and may grant the requested relief.

21       Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure: The undersigned

22  hereby verifies that the above hearing date and time were available for this type of Motion

23  according to the judge's self-calendaring procedures.

24  Dated:  June 5, 2014                    **POOLE & SHAFFERY, LLP**

25

26                         By: /s/ Samuel R.W. Price
                              David S. Poole
27                            Samuel R.W. Price
                              Attorneys for TETSUNORI T. KUNIMUNE
28                            Defendant in Removed District Court Case

2

POOLE SHAFFERY
400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Tetsunori Kunimune ("Kunimune") brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to Plaintiff's insufficient service of process on Kunimune, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### II.   STATEMENT OF FACTS

Defendant Tetsunori Kunimune is the Chief Executive Officer of Poly Plant Project ("PPP"), the Debtor/Debtor-in-Possession in the related Chapter 11 case. Plaintiff Friem S.p.A. ("Friem") is an Italian corporation, which was a vendor of PPP.

After PPP defaulted on its obligation to Friem, Friem filed suit against PPP in the Superior Court of the State of California for the County of Los Angeles. In connection with the Superior Court case, Friem and PPP agreed to participate in mediation in an attempt to resolve the matter. Because Friem is located in Milan, Italy and PPP is located in Burbank, California, the parties agreed to meet "in the middle" and decided on a New York City mediator.

As PPP's representative, Kunimune appeared for the mediation, which took place on January 31, 2014. PPP's goal was to reach an amicable and financially feasible resolution of Friem's claim, so that the company's focus could be returned to its operations and improving its financial condition. Kunimune was optimistic that PPP's financial circumstances were improving, and PPP agreed to settle Friem's case in exchange for payments totaling 400,000 Euros. Ultimately, however, PPP was not capable of performing the payment obligations to Friem when it came due two months later, and it became apparent that Chapter 11 protection was the only viable option for PPP. PPP filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code on April 14, 2014.

On May 14, 2014, Friem, by and through its legal counsel, filed a complaint alleging claims for "Breach of Contract/Alter Ego Liability" and Fraud against Kunimune in the United States District Court for the Southern District of New York (Case No. 14-cv-03487), purportedly based on the fact that the mediation took place within that district's jurisdiction. On May 21, 2014, Friem's counsel filed an "Affidavit of Service," which purported to state that service of the

3

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

summons and complaint had been effectuated on Kunimune at 4842 Oakwood Avenue, La Canada Flintridge, CA 91011 on May 15, 2014, by leaving a copy with a woman that the process server identified as "Mrs. Kunimune," purportedly Kunimune's wife.  A true and correct copy of the Affidavit of Service is attached to the Declaration of Samuel Price as Exhibit "1."

In fact, Kunimune does not reside at the address shown on the Affidavit of Service and, prior to the finalization of their divorce on April 23, 2007, Kunimune had been living separately since June 4, 1998.  [Declaration of Tetsunori T. Kunimune ("Kunimune Decl."), ¶ 4; Exhibit "2."]

### III.    LEGAL ARGUMENT

#### A.    Plaintiff Has Not Properly Effectuated Service of Process on Kunimune

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(5), which is applicable to adversary proceedings by virtue of Fed. R. Bankr. P. 7012(b), a dismissal is warranted if a plaintiff failed to properly serve a defendant with process.  In the absence of service of process, a court ordinarily may not exercise power over a party the complaint names as a defendant.  *Murphy Bros. v. Michetti Pipe Stringin*, 526 U.S. 344, 350 (1999).  When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by FRCP 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Even if a defendant may have actual notice of the lawsuit, service is still ineffective if it is not in substantial compliance with FRCP 4.  *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003).  Consequently, if a party has not been properly served, the court then lacks personal jurisdiction over that party.

Federal Rule of Civil Procedure 4 provides that an individual within a judicial district of the United States may be served in accordance with applicable state law or by delivering a copy of the summons and of the complaint to the individual personally or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.  Fed. R. Civ. P. 4(e).  The pertinent statutes governing service of a summons and complaint in California are section 415.10, 415.20(b), and 416.90 of the Code of Civil Procedure, which generally mimic the requirements under FRCP 4, but specifically allows for service at a

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390    FACSIMILE: (213) 439-0183

4

1   usual place of business.

2      Here, the summons and complaint were not personally delivered to Kunimune, nor were

3   they left at his usual dwelling, abode, or place of business.  Instead, process was attempted, and

4   purportedly effectuated, at a location where Kunimune had not resided for nearly fourteen years.

5   [Decl. Kunimune, ¶ 4.]  Furthermore, Kunimune's former wife is not authorized to accept service

6   on his behalf.  [Decl. Kunimune, ¶ 5.]  Accordingly, Friem has not effectuated service of the

7   summons and complaint on Kunimune, and the complaint should be dismissed or, alternatively,

8   the insufficient service should be quashed.

9      **B.  Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Upon**

10         **Which Relief Can Be Granted**

11      Notwithstanding the insufficiency of Plaintiff's service of process on Kunimune, Plaintiff's

12   complaint should also be dismissed for failure to state a claim upon which relief can be granted.[1]

13   FRCP 12(b)(6), which is applicable to adversary proceedings by virtue of Fed. R. Bankr. P.

14   7012(b), allows a party responding to a pleading to move for dismissal based on a failure to state a

15   claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss "is a challenge to the

16   sufficiency of the pleadings set forth in the complaint." *Beliveau v. Caras*, 873 F. Supp. 1393,

17   1395 (C.D. Cal. 1995).  In ruling on a motion to dismiss, a court must accept as true all material

18   allegations in the complaint.  *Coughlin v. United Van Lines*, LLC, 362 F. Supp. 2d 1166, 1167

19   (C.D. Cal. 2005).  "A Rule 12(b)(6) dismissal is proper where there is either a 'lack of a

20   cognizable legal theory' or 'the absence of sufficient facts under a cognizable legal theory.'"

21   *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Accordingly, when the

22   allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic

23   deficiency should be exposed at the point of minimum expenditure of time and money by the

24   _____

25

26   [1] A defendant who has moved for dismissal for insufficient service of process in a Rule 12 motion
   does not waive its defense by also raising other defenses in that motion.  *See* Fed. R. Civ. P 12(g)

27   (expressly allowing a defendant to move simultaneously for dismissal on the basis of insufficiency
   of service of process and for failure to state a claim without waiving either defense).

28   _____

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS
OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390    FACSIMILE: (213) 439-0183

1   parties and the court.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 558 (2007) (quotations and

2   citations omitted).  Only a complaint that states a plausible claim for relief survives a motion to

3   dismiss.  *See id*., at 570.

4         **1.   Plaintiff's Claim for Alter Ego Liability Should Be Dismissed Because It Is**

5         **Properly a Claim of the Bankruptcy Estate and Violates the Automatic Stay**

6         Friem's first claim for relief alleges that Kunimune caused injury to PPP by: (a) causing

7   PPP "to loan or advance corporate funds to other Kunimune owned entities…in order to evade

8   PPP's obligations to Friem and other PPP creditors"; (b) "intermingling of funds by

9   Kunimune…done in order to avoid PPP's obligations to its creditors, including Friem"; and (c)

10  "manipulation of assets between PPP…[and other entities that] had the effect of concentrating

11  assets in [other entities] and liabilities in PPP."  [Complaint at p. 11, ¶ 44.]  These claims are

12  property of PPP's Chapter 11 estate, and not of any single creditor.

13        California law does not recognize a freestanding general alter ego claim that would require

14  a shareholder of a corporation to be liable for all of a corporation's debts.  *Mesler v. Bragg Mgmt.*

15  *Co.*, 39 Cal.3d 290, 300-301 (1985); *Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1252 (9th Cir.

16  2010).  A bankruptcy trustee can bring claims against a shareholder of a corporate debtor that

17  would benefit the bankruptcy estate (and thereby creditors generally), such as fraudulent transfers

18  and conversion (or diversion) of corporate assets.  *In re AgriBioTech, Inc.*, 319 B.R. 207, 212

19  (D.Nev. 2004); *In re Centerstone Diamonds, Inc*., 2014 Bankr. LEXIS, Case No. 2:09-bk-23945-

20  PC, Adv. No. 2:13-ap-02040-PC (Bankr. C.D. Cal., Apr. 3, 2014 *[unpub.]*).

21        Friem alleges that Kunimune caused injury to PPP.  Accordingly, only the trustee (here,

22  the debtor-in-possession) has the authority to pursue such claims.  When a trustee has standing to

23  assert such a claim, that standing is exclusive and divests creditors of the corporation of the power

24  to bring such a claim.  *Ahcom*, *supra*, 623 F.3d at 1250; *Shaoxing County Huayue Import &*

25  *Export v. Bhaumik*, 191 Cal. App. 4th 1189, 1197 (2011).

26        Attempts to obtain a judgment against a defendant shareholder of a debtor corporation for

27  claims based on fraudulent conveyances (or other claims that could be acted on by the bankruptcy

28  trustee) are property of the bankruptcy estate, and as such are stayed from prosecution by anyone

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS
OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

1  other than the trustee.  If the factual allegations underlying an alter ego claim are identical to those

2  that could be asserted by a trustee in, for example, a fraudulent conveyance claim, the alter ego

3  claim is barred by the automatic stay.  *In re O'Reilly & Collins*, 2014 U.S. Dist. LEXIS 13264

4  (N.D. Cal. 2014).

5       The pursuit of an alter ego claim against a principal of a Chapter 11 debtor corporation

6  interferes not only with the estate's ability to assess and pursue fraudulent transfer claims, but

7  because the principal's efforts should be devoted to reorganization rather than defending

8  individual litigation, also interferes with the administration of the estate, and thereby violates the

9  automatic stay.  *Id.; In re Cady*, 266 B.R. 172, 183 (9th Cir. BAP 2001), aff'd 315 F.3d 1121 (9th

10  Cir. 2003).

11       **2.   Plaintiff's Second Claim for Relief Should Be Dismissed Because It Is Based**

12            **Exclusively on Inadmissible, Confidential Communications**

13            a.   <u>Friem's Second Claim for Fraud Against Kunimune Is Governed by California</u>

14                 <u>Law.</u>

15       The mediation that Friem and Kunimune participated in was in connection with and

16  resolution of a civil action pending in the Superior Court of California, and the settlement

17  agreement entered into during the mediation was based on California law.  Furthermore, as alleged

18  by Friem, this case does not involve any issue of federal law, but has been brought in federal court

19  under a claim of diversity jurisdiction.  Accordingly, any defenses to the claim, including

20  assertions of privilege, are also determined under California law.  *See* Fed. R. Evid. 501 ("[I]n

21  civil actions and proceedings, with respect to an element of a claim or defense as to which State

22  law applies the rule of decision, the privilege of a witness … shall be determined in accordance

23  with State law."); *see also Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d

24  1164, 1169 (C.D. Cal. 1998).

25            b.   <u>The Allegations of Fraud Are Based Exclusively on Purported Communications</u>

26                 <u>Made for the Purpose of and in the Course of Mediation</u>

27       The entirety of Friem's fraud claim against Kunimune is based on statements purportedly

28  made by Kunimune for the purpose of and in the course of the mediation session that occurred on

7

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS
OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE (213) 439-5390  FACSIMILE: (213) 439-0183

1  January 31, 2014.  The Complaint alleges two general instances of fraud: first, in proposing that

2  the parties engaged in mediation; and second, in representations made during the day of the

3  mediation.  As to the former, Friem contends that it was fraudulently induced to travel for and

4  participate in mediation by Kunimune because he failed to advise that PPP might not be capable of

5  satisfying a settlement with Friem.  [Complaint at p. 12-13, ¶¶ 51-54.]  As to the latter, Friem

6  alleges that Kunimune fraudulently induced Friem to enter into the Agreement with PPP through

7  false representations made "during the two private face-to-face meetings which Kunimune had

8  with [Friem's principal] on January 31, 2014" [Complaint at p. 9, ¶ 39] and "prior to the

9  Agreement being signed" by the parties.  [Complaint at p. 10, ¶ 41.]

c.  <u>The Purported Fraudulent Representations Are Inadmissible Pursuant to</u>

<u>California's Mediation Confidentiality Statutes</u>

12  Under California law, all of the statements and actions upon which Friem bases its fraud

13  claim are strictly protected by mediation confidentiality statutes and, therefore, are inadmissible to

14  support Friem's claim.  California Evidence Code section 1119 provides "[n]o evidence of

15  anything said or any admission made for the purpose of, in the course of, or pursuant to, a

16  mediation or a mediation consultation is admissible or subject to discovery, and disclosure of the

17  evidence shall not be compelled …" and further "[a]ll communications, negotiations, or settlement

18  discussions by and between participants in the course of a mediation or a mediation consultation

19  shall remain confidential." (Cal. Evid. Code, § 1119, subds. (a), (c).)  The enactment of Evidence

20  Code section 1119 advances the public policy that parties to a mediation must know that what is

21  said in the mediation "will not be used to their detriment through later court proceedings and other

22  adjudicatory processes."  *Foxgate Homeowners' Assn. v. Bramalea California, Inc.*, 26 Cal. 4th 1,

23  14 (Cal. 2001).  Therefore, to carry out the purpose of encouraging mediation by ensuring

24  confidentiality, the statutory scheme "unqualifiedly bars disclosure of communications made

25  during mediation absent an express statutory exception."  *Id.* at 15.

26  As the California Supreme Court has explicitly held, Evidence Code section 1119 is

27  extremely broad and was clearly intended to extend "to oral communications made *for the purpose*

28  *of* or *pursuant to* a mediation, not just oral communications made *in the course of* the mediation."

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS**
**OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

POOLE■SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

1  *Cassel v. Superior Court*, 51 Cal. 4th 113, 128 (Cal. 2011) (emphasis in original).

2      The obvious purpose of the expanded language [of Evidence Code section 1119]
   is to ensure that the statutory protection extends beyond discussions carried out
3  directly between the opposing parties to the dispute, or with the mediator, during
   the mediation proceedings themselves. All oral or written communications are
4  covered, if they are made "for the purpose of" or "pursuant to" a mediation. (§
   1119, subds. (a), (b).) It follows that, absent an express statutory exception, all
5  discussions conducted in preparation for a mediation, as well as all mediation-
   related communications that take place during the mediation itself, are protected
6  from disclosure.

7

8  *Id.*

9      The mediation confidentiality statutes do not create a 'privilege' in favor of any particular

10 person and, therefore, cannot be waived by any single party. *Id.* at 132 (Cal. 2011). "Instead, they

11 serve the public policy of encouraging the resolution of disputes by means short of litigation. The

12 mediation confidentiality statutes govern only the narrow category of mediation-related

13 communications, but they apply broadly within that category, and are designed <u>to provide</u>

14 <u>maximum protection for the privacy of communications in the mediation context</u>." *Id.* (emphasis

15 added).

16      "The Legislature decided that the encouragement of mediation to resolve disputes requires

17 broad protection for the confidentiality of communications exchanged in relation to that process,

18 <u>even where this protection may sometimes result in the unavailability of valuable civil evidence.</u>"

19 *Provost v. Regents of University of California*, 201 Cal. App. 4th 1289, 1302-1303 (Cal. App. 4th

20 Dist. 2011) quoting *Cassel v. Superior Court* 51 Cal.4th 113, 136 (Cal. 2011) (emphasis added).

21 "[I]n banning any court-created exceptions to the statutory confidentiality protections, the

22 Supreme Court emphasized that the Legislature had weighed the possibility of some unfair results

23 against the strong public policy supporting mediation and come down on the side of mediation.

24 There is no exception for 'good cause.'" *Provost v. Regents of University of California*, 201 Cal.

25 App. 4th 1289, 1303 (Cal. App. 4th Dist. 2011) (internal citations omitted).

26      Friem's second claim for relief is premised entirely on representations purportedly made by

27 Kunimune for the purpose of and pursuant to mediation, as determined by the California Supreme

28 Court. *Cassel*, *supra*, 51 Cal. 4th at 128.  Because all such representations are strictly confidential

POOLE**SHAFFERY**

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS
OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

1 | and inadmissible under California law, Friem is precluded from relying on them, and the claim

2 | must necessarily fail.

3 | **IV.    CONCLUSION**

4 | Based on the foregoing, Defendant requests that the Court grant this motion and enter an

5 | order to dismiss Friem's complaint for insufficient service of process, and for failure to state a

6 | claim upon which relief can be granted or, in the alternative, to quash service of process.

7 |

8 | Dated:  June 5, 2014                    **POOLE & SHAFFERY, LLP**

9 |

10 |                    By: /s/ Samuel R.W. Price

11 |                        David S. Poole
                           Samuel R.W. Price

12 |                        Attorneys for TETSUNORI T. KUNIMUNE
                           Defendant in Removed District Court Case

**NOTICE OF MOTION AND MOTION BY TETSUNORI KUNIMUNE TO DISMISS
OR, ALTERNATIVELY, TO QUASH SERVICE OF PROCESS**

POOLE SHAFFERY

400 SOUTH HOPE STREET, SUITE 1100, LOS ANGELES, CA 90071
TELEPHONE: (213) 439-5390   FACSIMILE: (213) 439-0183

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
400 South Hope Street, Suite 1100, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): 1. Notice of Motion and Motion to Dismiss for Insufficient Service of Process or, Alternatively, To Quash Service of Process; and To Dismiss for Failure To State a Claim Upon Which Relief Can Be Granted; 2.  Declaration of Tetsunori T. Kunimune; 3.  Declaration of Samuel Price will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
  6/5/2014             , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  i   Queenie K Ng    queenie.k.ng@usdoj.gov
  i   United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
  i   John E Walker    john.walker@dentons.com, sam.alberts@dentons.com;scott.koerner@dentons.com
  i   Sharon Z. Weiss    sharon.weiss@bryancave.com, raul.morales@bryancave.com
  i   Mark T Young    myoung@donahoeyoung.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  6/5/2014             , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Counsel for Plaintiff Friem S.p.A.
Stephen A. Marshall
Dentons US LLP
1221 Avenue of Americas
New York, New York 10020

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)    6/5/2014            , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   Hon. Thomas B. Donovan
   United States Bankruptcy Judge

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/5/2014 | Silvia Abrignani | /s/ Silvia Abrignani |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.